All right, we are now ready to hear Zara v. DeVry Education Group. Mr. Glink. Thank you, Your Honor. May it please the Court. My name is Stephen Glink, and I am here on behalf of the plaintiff appellant, Anthony Zara. Judge, this case comes before you on a direct appeal from the district court's order dismissing my client's entire case strictly on forum nonconvenience grounds. It's our position that Judge Wood abused her discretion in this case because essentially she made a finding that the forum was not convenient based solely on the citation of one case by the defendants. Well, no, I think that's an unfair characterization of her opinion. She notes that the center of gravity of this case is on the island of St. Kitts. That's where the alleged activities took place. She does look at a decision of the Eastern Caribbean Supreme Court, which I would note is a body that uses English common law and is the successor to the Judicial Committee of the Privy Council, which existed until 2003 in St. Kitts. It's basically an English-based legal system. And she looks at this one particular opinion, but under Rule 44.1, district courts are fully open to research into foreign law, and she did a little bit. So she says, yes, there's an alternative forum in St. Kitts. Well, Your Honor, first of all, I think really to some degree, yes, I agree the judge can do her own research, but I think she jumped the gun a little bit because the Piper case, which I consider to be the foremost formidable authority in these cases, says that the first step in the district court's analysis is you have to determine whether the alternative proposed forum is even viable. Well, but look, I mean, I know Piper well, and in that particular case, of course, the plaintiff loses because the plaintiff happens to be foreign. But in this case, there is a showing that the courts of the islands of St. Kitts and They are, the courts are open for business. They handle this kind of case. They, maybe not the same way that a U.S. court would, but Piper shows that that's okay. I mean, maybe we have strict liability here. Maybe they have tort-based liability in Scotland, whatever, you know, I don't see the differences being any bigger than the differences in Piper. Well, first of all, Judge, my thought is this. The cases that were cited were not, in my view, modern cases. 2011, 2013, and we don't know if the same system, the same laws, the same rules, the same processes were in effect when my client's case was dismissed as they were in those cases. Really? You think 2011 is too old? Well, I think laws are enacted and repealed all the time. I think processes are changed all the time. There's no dispute. The defense brief acknowledges that these courts do not even acknowledge a cause of action for Title IX, which is how this case was originally filed. There are a lot of problems with doing that, but I don't even want to get there because this is for non-convenience, and again, Piper establishes that if you go to another jurisdiction, the choice of law rules of that jurisdiction may be different. The substantive law that those choice of law rules settles on may be different, but that alone is not enough to defeat a form of non-convenience motion. I mean, here, what happened in the United States? Nothing. This got, you know, the relationship between Mr. Zara and Ferrari is one that takes place exclusively in St. Kitts. It's being investigated by the veterinary school there, the Ross School. What are the links to the United States? The main link is that the defense has their corporate headquarters right here in Donner's Grove, and I don't think... But it's a parent company. You've got complications there, too. You have piercing the corporate veil. Why is the parent company responsible for the actions of the subsidiary? That question comes up a lot in international form of non-convenience. Understood, Judge, but again, that's why I believe that the King case that I cited at the end of my brief... But nothing happened other than the parent company sitting there in Donner's Grove. All of the events, whether it's this relationship and throwing people out of apartments and filing complaints, it all happens in St. Kitts. That's where the witnesses are going to be. Agreed, and in the King case, all the sexual abuse occurred in South Africa, yet the Michigan District Court retained jurisdiction in their venue based on the fact that the ultimate responsibility goes to the university, and the same way here, that the ultimate responsibility goes to the corporate entity that's in Donner's Grove. I don't know that that follows, because the difference between the South African case is that it was that entity itself that had some sort of study abroad thing or something. I forget exactly the details, but here, it's the Ross University School of Veterinary Medicine, which is a separately organized business entity on St. Kitts, which in turn, through a chain of corporate ownership, does, I agree with you, get you over to Donner's Grove, but it's not that the Donner's Grove entity is the veterinary school. It's not, and there are cases from the Supreme Court about deciding how you move up and down the corporate chain for liability purposes. You may remember the Bhopal litigation with United Carbide. There are all kinds of cases that deal with this. Yes, but I think Your Honor is addressing the public versus private interest balancing test, which I don't even think we should get there, because I do not believe that the record that was set forth, which contained no affidavits, no declarations, no information of any kind about what is or is not available in the legal system of St. Kitts at the time, none of that was presented to Judge Wood. You did concede, however, that St. Kitts might be an alternative and adequate form to dispute most but not all of the claims, didn't you? Not me, Your Honor. Well, your client. There was a different trial counsel, and I'm not casting any aspersions on them. Right, but the admission was made on behalf of your client. Well, again, I think this goes to the issue of waiver and an admission that's been discussed in the two previous cases. How I'm interpreting Your Honor's question, and as argued by my opponent, that passage that was in one of many court briefs that were filed or many documents that were filed Oh, a memorandum of closing motion to dismiss, is that what it was? Correct. But to me, it says might be. That is not a clear and unequivocal concession that it is. It might be. Again, might be. Well, it's certainly stronger than what you're saying today. A little stronger, but not much. I mean, a might be, I think might be could mean many different things. Waivers have to be clear and unequivocal. I don't think that. Judge Wood certainly did not quote any statement made by trial counsel that he conceded that Judge Wood and her. So let me just note that, remember our Bodum case, I mean, there is no requirement for foreign law that there be expert witnesses, that there be presentations. 44.1, which I'm looking at, just says in determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the federal rules of evidence. Which means, as far as I've interpreted, this court would be fully entitled to go look at the rules in the Eastern Caribbean and see what it looks like. I suppose that's true. I mean, I don't know what you could do that hasn't been done already to show that it's not in 2017 or at the time this lawsuit was filed, an adequate forum. I really think it would be an uphill battle, but. Well, again, I read the Piper case as saying that burden is on the move-ins. And while the judge certainly had her option to do independent research, I just do not, I cannot reconcile the fact. And she cites the Ponchal case. So she points to that to say, yes, there is this, and your only argument is that it's too old. Not that it's too old, but I don't think it gives enough factual information of why the judge felt that St. Kitts was an appropriate forum. I also would like to say, with respect to the convenience factor, again, I cannot reconcile the fact that DeVry, in 2009, filed a case in the Northern District asserting Illinois state law claims against a Barbados defendant. Why that, the Northern District was a convenient forum for that, but not for this case. Okay. Thank you, Your Honor. I'll let you save a minute. Thank you. Sure. Mr. Stoltenbach. Good morning. And may it please the court, I'm Brian Stoltenbach, and I represent the defendants in this case. The issue on appeal, I think, is even narrower than what has been discussed during my opponent's argument. The issue that plaintiff has raised is very specifically whether St. Kitts is an adequate forum, not whether the public or private interest factors balance out or whether it's more convenient or anything like that. It's the first step in the analysis, which is whether St. Kitts is a place that will hear his claim. And our first point on that is that plaintiff did not challenge the adequacy of the forum in the district court. He spent five pages arguing about our motion to dismiss on forum nonconvenience grounds, but he spent half a sentence talking about adequacy, and he said what we've already heard, which is he just said it might be adequate for some but not all claims, and then moves on into the second part of the analysis. Well, whether that's an admission that it is, in fact, adequate is not our point on appeal. What do you understand adequacy to require? Adequacy under this court's strata lesbo, I practice saying that a hundred times, case, at least, and didn't do very well. It's derived from the word for construction. So in the construction Bulgaria case. There you go. I've saved you for all time. The court said that all you have to show is that there is a opportunity for a fair hearing through which you can get some remedy for the wrong. And respectfully, we think that the case we cited from the High Court of Justice in St. Kitts and Nevis shows that beyond a shadow of a doubt. She prevails, actually. She prevails as a medical student suing for getting kicked out of medical school. The same exact thing that's going on here. She wins $43,000 in U.S. currency. She gets reinstated and she gets her record cleared. It's not just some remedy. It's the same remedy that the plaintiff is seeking here. And I don't think- This is not unusual for St. Kitts to have a number of professional schools, is it? Indeed. It's one of the things they do. Kind of in that business, yeah. And I don't think it's a requirement that the defendant produce a case from the last 24 hours in order to show that the court system is still there, still functioning as it has for a long time. I will confess to having looked at their website earlier this week and they do apparently still seem to be there. I have as well. I have a motion to dismiss due on Monday for the same client. The issue's been weighed, is our position. It's not just that the plaintiff has conceded that it is an adequate forum. It's that the district court, especially in a case like this where it has substantial discretion, deserves an opportunity to be told, we challenge this forum as inadequate. Not to be told in a few words that it might be adequate, but let's move on to something else. And so the district court looked at the issue, actually pointed out at page 7 of its opinion that the plaintiff did not challenge the adequacy of the forum and cited the Poundshell case. What the district court also had in front of it, although for other reasons on other arguments we made that didn't need to be addressed, was the Archute case from the U.S. District Court for the District of New Jersey, which was the same situation, same defendants, former veterinary students who was expelled from school, and the District of New Jersey granted a motion to dismiss on forum nonconvenience grounds, sending the case to St. Kitts, and the Third Circuit affirmed that. Now in a case where the question is whether the district court abused its discretion, or in other words, did something that no reasonable judge would have done, it seems important that the District of New Jersey and the Third Circuit have done the exact same thing in the exact same circumstances. Seems to me that that suggests that it was not irrational, it was certainly within the realm of reason to say that a case could be sent to St. Kitts and heard there quite adequately. Now sometimes when there are forum nonconvenience dismissals, and this actually happened in the Bhopal litigation, there's a condition that the parties who are in the U.S. forum not raise an objection to personal jurisdiction or to statutes of limitations. I take it there were no stipulations like that here for DeVry? There were no stipulations like that. What the district court noted was, specifically with respect to Ross University School of Veterinary Medicine, that because they're at home in St. Kitts, they can accept service in the suit of Ross. Oh, Ross certainly, but I'm thinking about DeVry. And while DeVry and DeVry Medical did not specifically say that they would accept service, the court pointed out that they just adopted the same arguments and positions that Ross took and assumed that that meant that they would accept service and be amenable to suit in St. Kitts. I'll point out that in our suit where the district court required a little bit more and actually was the one that raised the issue initially, in that case DeVry and DeVry Medical both stipulated that they would accept service in process in St. Kitts. And that's their position here? That's their position here. If the court doesn't have any further questions, I really don't know that I have anything to add to my brief and what's been said here. Thank you very much then. I think I'm going to give you a full minute, Mr. Glenk, you've eaten into it a bit. In response to counsel's point, the Stevenson case, in that case there was a declaration submitted in support of the adequacy of the alternative form by a quote-unquote a legal professional and in that case the motion to dismiss based on form nonconvenience was denied. In the Arshute case, it was dismissed on form nonconvenience but amongst the items that was considered by the court in that case was an affidavit and there was other record information, an affidavit or a declaration from an individual by the name of Harvey Wexler and if I remember right I believe Mr. Wexler also was an attorney. My point being, there is in those cases some document, some evidentiary record of what is the alternative form being appropriate and why. Here other than the partial case, there is none. I do agree with your honors that the issue of statute of limitations could also be an issue now whether the same-kids form is appropriate. Whether or not counsel's, excuse me, clients are willing to accept service, that doesn't mean they're waiving their argument against statute of limitations defenses. We don't know that. We don't know what the statute of limitations are so for all those reasons, I believe the district court. All right. Thank you very much. If anybody has any questions, I'm happy to answer those before I sit down. I see none. Thank you so much. Thank you, your honors. Thank you as well and the court will take this case under advisement and then the court is going to take a brief recess.